# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

PHILIP L. HALL,            )
                           )
      Plaintiff,        )
                           )
v.                         )    Case No. CIV-16-206-RAW-SPS
                           )
NANCY A. BERRYHILL,        )
Acting Commissioner of the Social )
Security Administration,[1] )
                           )
      Defendant.       )

## REPORT AND RECOMMENDATION

The claimant Philip L. Hall requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born February 19, 1973, and was forty-one years old at the time of the administrative hearing (Tr. 34). He completed one year of college, and has worked as a carpet cleaner (Tr. 23, 200). The claimant alleges he has been unable to work since June 29, 2012, due to seizures, scoliosis, neurofibromatosis, memory problems, and the inability to remember his past (Tr. 199).

## Procedural History

On November 8, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain held an administrative hearing and found that the claimant was not disabled in a written opinion dated November 25, 2014 (Tr. 12-25). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to lift and/or carry ten pounds occasionally and frequently, stand and/or walk six hours total during an eight-hour workday, and sit six hours total during an eight-hour workday. Additionally, the ALJ

found that the claimant could only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, and that he must avoid hazards such as heights and open machinery. Finally, the ALJ limited the claimant to simple repetitive tasks (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, document preparer and election clerk (Tr. 23-24).

## Review

The claimant argues on appeal that the ALJ erred by: (i) failing to conduct the proper assessments at steps four and five, and (ii) failing to properly evaluate the claimant's credibility. In support of his first argument, the claimant contends that the ALJ erred in finding the claimant could perform the two jobs identified because they both required a reasoning level of 3, and did not account for his limitations in social functioning. The undersigned Magistrate Judge agrees with the claimant's first contention and the Commissioner's decision should therefore be reversed and the case remanded for further proceedings.

At the administrative hearing, the ALJ elicited testimony from a VE to determine if the claimant could perform his past relevant work or if there were other jobs the claimant could perform with his limitations (Tr. 54-58). He posed a number of hypothetical questions requiring the VE to assume various limitations and identify the work someone with such limitations could perform. First, the ALJ posited an individual with the age, education, and work history of the claimant, who could "occasionally lift and/or carry ten pounds, frequently lift and carry ten pounds, stand and/or walk at least

4

six hours in an eight hour work day, sit at least six hours, occasionally climb such things as ramps or stairs, balance, stoop, kneel, crouch, or crawl, avoid hazards such as heights and also machinery, and limited to simple repetitive tasks." (Tr. 54). The VE testified that such an individual would not be able to perform his past relevant work, then identified two sedentary jobs such a person could perform: (i) document preparer, DICOT § 249.587-018, and (ii) election clerk, DICOT § 205.367-030 (Tr. 54-55). In one of the following hypotheticals, the ALJ then asked the VE about an individual who would need a sit/stand at will option, with the VE noting that the claimant had done so three or four times in the approximate half hour of the hearing itself (Tr. 56). The VE stated that, with such a requirement, the claimant might be able to get a job, but not keep it at the sedentary level (Tr. 56). In describing the two jobs identified, the VE testified that, "in any competitive employment, you have to be able to use some reasoning and judgment and memory. You have to remember what the job is and, and then adapt to people, different people in the jobs that involve public contact, certainly." (Tr. 57). Notably, the ALJ instructed the VE to indicate if her testimony varied from the job descriptions contained in the Dictionary of Occupational Titles ("DOT") (Tr. 53).

In his written decision, the ALJ determined that the claimant's RFC included the limitations from the first hypothetical posed to the VE (Tr. 16). He then adopted the VE's testimony that the claimant could perform the sedentary jobs of document preparer and election clerk (Tr. 24). Furthermore, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 24).

5

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added]. Although the VE did not identify any conflict between her testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

Here, a conflict exists with both jobs identified, document preparer and election clerk. Both jobs require a reasoning level of 3, *see* DICOT §§ 249.587-018, 205.367-030. A reasoning level of 3 is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* DICOT §§ 249.587-018, 205.367-030. The reasoning levels for jobs in the DOT best identify the level of simplicity (or, conversely, complexity) associated with the job. *See Cooper v. Barnhart,* 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. This

6

appears to be in direct contrast to the ALJ's RFC, which found that the claimant could only perform simple, repetitive tasks (Tr. 16). If a claimant is limited to simple tasks, it stands to reason that a job requiring the ability to deal with problems involving several concrete variables (a reasoning level 3) would create a conflict. *See McKinnon v. Astrue,* 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010); *Allen v. Barnhart,* 2003 WL 22159050, at *10 (N.D. Cal. Aug. 28, 2003) (examining the requirements of the GED reasoning level of 2 and finding that "[t]he need to follow 'detailed' and 'involved' instructions exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps."). "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999). *See also Krueger v. Astrue,* 337 Fed. Appx. 758, 760–762 (10th Cir. 2009) (reversing and remanding in part because the ALJ failed to resolve a conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue,* 569 F.3d 1167, 1173 (10th Cir.2009) (noting that SSR 00–4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"); *Hackett v. Barnhart,* 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations). Furthermore, "[t]he [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)

[emphasis added]. Here, there *is* a conflict that the ALJ was required to resolve. *See Haddock*, 196 F.3d at 1091.

The Commissioner nevertheless asserts that the law is unsettled and does not require reversal in this case because GED levels are related to the claimant's education level and background. *Anderson v. Colvin*, 514 Fed. Appx. 756, 764 (10th Cir. 2013) ("GED does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job, broken into the divisions of Reasoning Development, Mathematical Development and Language Development."); *Mounts v. Astrue*, 479 Fed. Appx. 860, 868 (10th Cir. 2012) ("Job descriptions in the [DOT] contain several elements required to perform a specific job, including a claimant's GED, which is the level of formal and informal education required to perform a specific job."). As such, the Commissioner points to a number of District Court cases that she describes as the "better-reasoned line of authority" because they refer to the DOT definition of these reasoning levels. *See, inter alia*, *Pacheco v. Colvin*, 83 F. Supp. 3d 1157, 1167 (D. Colo. 2015); *Owen v. Colvin*, 2015 WL 1490947, at *5 (D. Utah March 30, 2015). However, the undersigned Magistrate Judge finds that these cases, on their facts, are distinguishable from the present case in that they either determined harmless error because other jobs had been identified (which is *not* the absence of error), or referred to illiteracy or a different level of reasoning than the limitation to simple, repetitive tasks that is present in this case. Furthermore, the undersigned Magistrate Judge notes the Commissioner's reference to *Rom v. Colvin*, 2016 WL 3528059, at *3 (N.D. Okla. June 23, 2016), in which the United

States Magistrate Judge found that "[t]he vocational expert, not the court, has the expertise to interpret the information in the DOT," *citing Segovia v. Astrue*, 226 Fed. Appx. 801, 804 (10th Cir. 2007). But here, the ALJ failed to ask the VE to reconcile this conflict or clarify how the DOT could be applied to the claimant's mental limitations, and the ALJ therefore committed reversible error in violation of this Circuit's holding in *Haddock*. *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett*, 395 F.3d at 1175 (applying *Haddock* to nonexertional limitations); *Poppa*, 569 F.3d at 1173 (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"). In the Tenth Circuit, this apparent inconsistency is reversible error. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding a limitation to simple and routine work tasks "inconsistent with the demands of level-three reasoning," and reversing "to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE."). *See also Ward v Colvin*, 2015 WL 9438272, at *3 (W.D. Okla. Sept. 17, 2015) (slip op.) ("The Court declines to find, as urged by the Commissioner, that to the extent GED reasoning levels are not specific mental or skill requirements, they can be disregarded when addressing the mental demands of jobs listed in the DOT.").

Although the unresolved conflict as to the claimant's mental limitations would have been harmless error if other jobs had been identified that did not pose a conflict, it is

not harmless here because the only two jobs identified had a reasoning level of 3. *See Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.").

The undersigned Magistrate Judge further notes that the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In light of the ALJ's use of boilerplate language in evaluating credibility in the first instance in this case, the undersigned Magistrate finds that remand for proper analysis under the new guidance would likewise be advisable here.

For the reasons set forth above, the undersigned Magistrate Judge finds that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**